# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RAMON RODARTE-MENDOZA, #07765-084, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 17-cv-00498-JPG ) |
| UNITED STATES OF AMERICA, FEDERAL BUREAU OF PRISONS, and PETER KIM, | ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Ramon Rodarte-Mendoza, an inmate who is currently incarcerated at the Federal Correctional Institution located in Greenville, Illinois ("FCI-Greenville"), brings this action pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680. Plaintiff alleges that he suffered from a perforated colon during a colonoscopy that was performed by Doctor Kim at Holy Family Hospital on July 19, 2016. (Docs. 1, 1-1). He underwent emergency surgery four days later. (Doc. 1-1, p. 3). Due to the alleged negligence of Doctor Kim, Plaintiff lost a section of his colon and his appendix. (Doc. 1-1, pp. 1-5). He now seeks monetary relief against the United States, the Federal Bureau of Prisons ("BOP"), and Doctor Kim. (Doc. 1; Doc. 1-1, pp. 1-5).

This case is before the Court for preliminary review of the Complaint (Docs. 1, 1-1, 1-2) pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

1

> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## Complaint

During his incarceration at FCI-Greenville, Plaintiff underwent a colonoscopy at Holy Family Hospital on July 19, 2016. (Doc. 1-1, p. 2). Doctor Kim performed the procedure. *Id*. On July 21, 2016, Plaintiff went to FCI-Greenville's Health Services Unit ("HSU") for treatment of "abdominal pain, dark urine and pain during urination." *Id*. He rated the pain as a "10," *i.e.*, the highest pain rating on the scale he was given. *Id*. The pain was allegedly intolerable. *Id*.

Plaintiff was sent without delay to St. Joseph's Highland Hospital – Southern Illinois Division. (Doc. 1-1, p. 2). There, he was diagnosed with a "possible" perforation of his colon. *Id*. He underwent testing, which confirmed that his colon was perforated during the colonoscopy on July 19, 2016. (Doc. 1-1, pp. 2-3). Doctor Knolhoff performed emergency surgery on

Plaintiff on July 23, 2016. (Doc. 1-1, p. 2). The surgeon removed a 4-5 inch section of Plaintiff's colon. (Doc. 1-1, p. 4). His appendix was also removed. *Id*.

Plaintiff alleges that he suffered from severe pain and life-threatening injuries as a result of Doctor Kim's negligence on July 19, 2016. (Doc. 1; Doc. 1-1, pp. 1-5). At the time, he was under the BOP's care. Plaintiff now seeks monetary relief under the FTCA against the United States, BOP, and Doctor Kim.

## Discussion

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court deems it appropriate to organize the claim in Plaintiff's *pro se* Complaint into the following enumerated count:

> **Count 1 -** Defendants, by and through the negligence of Doctor Kim, are liable under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680, for the perforated colon that Plaintiff suffered on July 19, 2016.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation does not constitute an opinion regarding the merits of this claim.

## Count 1

Under the Federal Tort Claims Act ("FTCA"), a federal prisoner may seek monetary relief against the United States for the negligent acts or omissions of any employee of the government acting within the scope of his or her official duties. *Sisk v. United States*, 756 F.2d 497, 500 n. 4 (7th Cir. 1985) (citing 28 U.S.C. §§ 1346(6), 2680)). The FTCA explicitly authorizes "civil actions on claims against the United States, for money damages . . . for . . . personal injury or death caused by the negligent or wrongful act or omission of any employee of

3

the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1). It operates as a limited waiver of sovereign immunity. *See id*.; *LM ex rel. KM v. United States,* 344 F.3d 695, 698 (7th Cir. 2003).

The FTCA creates a cause of action against the United States, not private individuals or government agencies. *Boutte v. Northwestern Med. Fac. Found.*, 276 F. App'x 490 (7th Cir. 2008) (FTCA claim for negligent misdiagnosis against private physicians group dismissed for lack of subject matter jurisdiction); *Kaba v. Stepp,* 458 F.3d 678, 681 (7th Cir. 2006) ("[T]he United States . . . would be the proper defendant for tort claims involving acts of the named officials within the scope of their employment."); *Stewart v. United States,* 655 F.2d 741, 742 (7th Cir. 1981) ("Plaintiff has no cause of action . . . [under the FTCA] against an employee, her exclusive remedy being an action against the United States."). The only proper defendant in this action is the United States. Count 1 shall therefore be dismissed with prejudice against the BOP and Doctor Kim.

The question becomes whether the United States can be held liable for the conduct of Doctor Kim, who was allegedly negligent in the treatment of Plaintiff on July 19, 2016. It is not clear whether the doctor was acting within the scope of his or her employment as a government employee. The FTCA does not specifically include outside medical providers in the definition of "employee of the government." *See* 28 U.S.C. § 2671. And although the definition includes "employees of any federal government agency," it excludes "any contractor with the United States" from the definition of "federal government agency." *Id*. *See also Alinsky v. United States*, 415 F.3d 639, 643-44 (7th Cir. 2005) (citations omitted). The Seventh Circuit has observed that "Congress expressly granted jurisdiction for suits brought against the United States for its employees' conduct, and not the conduct of contractors. State common law principles

4

cannot overcome this federal statute." *Alinsky*, 415 F.3d at 639, 645 (citations omitted) (United States cannot be held liable for any conduct of its independent contractors). With that said, FTCA claims have been allowed to proceed against the United States based on the conduct of outside providers in some contexts. *See e.g., Arteaga v. United States*, 711 F.3d 828, 830-31 (7th Cir. 2013) (employees of a private enterprise that receives grant money from the U.S. Public Health Service are considered federal employees for purposes of FTCA claim). *See also Hui v. Castaneda*, 559 U.S. 799 (2010). For now, the Court will not dismiss the FTCA claim against the United States on this basis.

When considering the merits of an FTCA claim, the Court looks to the substantive law of the state where the tort occurred. *See, e.g., Parrott v. United States*, 536 F.3d 629, 637 (7th Cir. 2008); *Palay v. United States*, 349 F.3d 418, 425 (7th Cir. 2003). In order to pursue an FTCA claim based on medical negligence or medical malpractice that occurred in Illinois, an inmate must comply with 735 ILCS § 5/2-622. Under Illinois law, a Plaintiff "[i]n any action, whether in tort, contract or otherwise, in which the plaintiff seeks damages for injuries or death by reason of medical, hospital, or other healing art malpractice," must file an affidavit along with the complaint, declaring one of the following: 1) that the affiant has consulted and reviewed the facts of the case with a qualified health professional who has reviewed the claim and made a written report that the claim is reasonable and meritorious (and the written report must be attached to the affidavit); 2) that the affiant was unable to obtain such a consultation before the expiration of the statute of limitations, and affiant has not previously voluntarily dismissed an action based on the same claim (and in this case, the required written report shall be filed within 90 days after the filing of the complaint); or 3) that the plaintiff has made a request for records but the respondent has not complied within 60 days of receipt of the request (and in this case the written report shall

be filed within 90 days of receipt of the records).  *See* 735 ILL. COMP. STAT. § 5/2-622(a) (West 2017).[1]  A separate affidavit and report shall be filed as to each defendant.  *See* 735 ILL. COMP. STAT. § 5/2-622(b).

In the instant case, Plaintiff asserts that he has complied with 735 ILCS § 5/2-622 by filing the necessary affidavits or reports.  (Doc. 1-1, p. 5).  Whether the documents actually satisfy section 2-622 remains to be determined.  *Id.*  For now, the FTCA claim in Count 1 shall proceed against the United States.

## Disposition

**IT IS HEREBY ORDERED** that Plaintiff may proceed with his claim under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680, in **COUNT 1** against Defendant **UNITED STATES OF AMERICA**.

**IT IS FURTHER ORDERED** that **COUNT 1** is **DISMISSED** with prejudice against Defendants **FEDERAL BUREAU OF PRISONS** and **PETER KIM** for failure to state a claim upon which relief may be granted.

The Clerk of Court is **DIRECTED** to complete, on Plaintiff's behalf, a summons for service of process on the United States; the Clerk shall issue the completed summons.  Pursuant to Federal Rule of Civil Procedure 4(i), the Clerk shall (1) personally deliver to or send by registered or certified mail addressed to the civil-process clerk at the Office of the United States Attorney for the Southern District of Illinois a copy of the Summons, the Complaint (Doc. 1),

---

[1] The August 25, 2005, amendments to a prior version of this statute were held to be unconstitutional in 2010.  *Lebron v. Gottlieb Mem. Hosp.*, 930 N.E.2d 895 (Ill. 2010) (Holding P.A. 94-677 to be unconstitutional in its entirety).  After *Lebron*, the previous version of the statute continued in effect.  *See Hahn v. Walsh*, 686 F. Supp. 2d 829, 832 n.1 (C.D. Ill. 2010).  The Illinois legislature re-enacted and amended 735 ILL. COMP. STAT. §5/2-622 effective January 18, 2013 (P.A. 97-1145), to remove any question as to the validity of this section.  *See* notes on Validity of 735 ILL. COMP. STAT. §5/2-622 (West 2013).

and this Memorandum and Order, and (2) send by registered or certified mail to the Attorney General of the United States at Washington, D.C., a copy of the Summons, the Complaint (Doc. 1), and this Memorandum and Order.

Each Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a **United States Magistrate Judge** for further pre-trial proceedings, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.* Further, this entire matter shall be **REFERRED** to a **United States Magistrate Judge** for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: August 10, 2017**

*s/J. Phil Gilbert*
**J. PHIL GILBERT**
**United States District Judge**