IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| RAMON RODARTE-MENDOZA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:17-cv-498-JPG-DGW |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion to dismiss (Doc. 15), the motion to reconsider (Doc. 22), and the status report (Doc. 19) filed by the defendant United States of America. Plaintiff Ramon Rodarte-Mendoza has responded to the motion to dismiss (Doc. 16) and to the motion for reconsideration (Doc. 23) and has filed a status report (Doc. 20).

Rodarte-Mendoza filed a complaint on May 11, 2017, pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1915A, alleging that Dr. Peter Kim botched a colonoscopy by perforating his colon. He suffered intolerable pain from this life-threatening injury and underwent emergency surgery to remove part of his colon and his appendix. When his complaint was screened pursuant to 28 U.S.C. § 1915A, this Court found that while it was not clear that Dr. Kim was an employee of the government, Plaintiff's claim would be allowed to move forward against the United States. This Court then outlined the affidavit/written report requirements set forth in Illinois' medical malpractice law, which provides the substantive law, and further found that Plaintiff had at least alleged that he satisfied state law. 735 ILCS § 5/2-622.

Defendant has filed a motion to dismiss arguing that Plaintiff failed to comply with the affidavit requirement of Illinois law (Doc. 15). Defendant also has filed a motion to reconsider, with an attached declaration, stating that Dr. Kim is not an employee of the government. Finally,

the parties have filed "reports" setting forth Plaintiff's attempts to acquire his medical records – which the Court assumes is a further attempt to show that Plaintiff did or did not comply with Illinois' affidavit requirement.

In order to more efficiently resolve these arguments, it would be convenient for all of Defendant's arguments to be contained in one motion and for there to be one response. And, because Defendant has elected to introduce evidence outside of the pleadings, that document should be a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 (filed with the necessary notice to Plaintiff of the consequences of failing to respond).

Defendant is therefore granted leave to file a single motion for summary judgment within 15 days of the date of this order setting forth all the arguments made in its previous filings. Plaintiff is **WARNED** that the failure to respond to the forthcoming summary judgment motion may result in dismissal of this action with prejudice. In light of the foregoing, Defendant's motions (Docs. 15 & 22) are **DENIED without prejudice**. Defendant's answer deadline is **STAYED** pending resolution of the anticipated motion for summary judgment.

**IT IS SO ORDERED.**

**DATED:   December 21, 2017**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**