UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

RAMON RODARTE-MENDOZA,

    Plaintiff,

v.

UNITED STATES OF AMERICA,
FEDERAL BUREAU OF PRISONS and
PETER KIM,

    Defendants.

Case No. 17-cv-498-JPG-DGW

## MEMORANDUM AND ORDER

This matter comes before the Court on the Report and Recommendation ("Report") (Doc. 32) of Magistrate Judge Donald G. Wilkerson recommending that the Court grant in part the summary judgment motion filed by the defendant United States of America (Doc. 27) and dismiss this case without prejudice. Plaintiff Ramon Rodarte-Mendoza has objected to the Report (Doc. 34), and the United States has responded to his objection (Doc. 35).

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

Rodarte-Mendoza, at all relevant times an inmate at the Federal Correctional Institute at Greenville, Illinois ("FCI-Greenville"), filed this lawsuit asserting that Dr. Peter Kim negligently performed a colonoscopy on July 19, 2016, at Holy Family Hospital and perforated Rodarte-Mendoza's colon during the procedure. The perforated colon caused Rodarte-Mendoza great

pain and required emergency follow-up surgery four days later in which a section of his colon and his appendix were removed. Rodarte-Mendoza filed this lawsuit against the United States, the Bureau of Prisons ("BOP) and Dr. Kim under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) & 2671-2680, based on Dr. Kim's alleged negligence.

In its threshold review of this case under 28 U.S.C. § 1915A (Doc. 9), the Court noted that the only proper defendant in an FTCA case is the United States. It therefore dismissed Dr. Kim and the BOP. The Court noted that it was unclear whether Dr. Kim was a federal employee who could subject the United States to an FTCA claim or a contractor who could not. However, since Rodarte-Mendoza's complaint clearly stated it was asserting an FTCA claim, the Court allowed the case to proceed under that theory.

In the Report, Magistrate Judge Wilkerson found, however, that Dr. Kim was a private doctor providing services for a private company (Naphcare, Inc.) that contracted with the BOP to provide health care services as needed to inmates housed at FCI-Greenville. He further found that the United States maintained no control over the provision of those services other than to require that they be provided as facilities not excluded by the United States Department of Health and Human Services. Magistrate Judge Wilkerson found that neither Dr. Kim nor Naphcare received grant money from the Public Health Service or were connected with a Federally Supported Health Center. Accordingly, they were not employees or agents of the United States, and their conduct could not subject the United States to liability under the FTCA. Alternatively, Magistrate Judge Wilkerson recommends dismissal because Rodarte-Mendoza failed to provide the documentation required by the Healing Art Malpractice Act, 735 ILCS 5/2-622, to support a medical malpractice claim under Illinois law.

In his objection to the Report, Rodarte-Mendoza asks the Court to prevent his deportation

following his imminent November 2018 release from prison so that he may remain in the country to obtain the supporting medical documentation he needs to pursue a claim under the Healing Art Malpractice Act. He also asserts without any evidence that Dr. Kim and/or Naphcare receive grant money from the BOP.

The Court has reviewed the matter *de novo* and agrees with Magistrate Judge Wilkerson. The FTCA waives sovereign immunity and subjects the United States to liability only for the conduct of an "employee of the Government." 28 U.S.C. § 1346(b)(1). It does not subject the United States to liability for conduct of federal contractor or an employee of a federal contractor. *See Alinsky v. United States*, 415 F.3d 639, 645 (7th Cir. 2005) ("Congress expressly granted jurisdiction for suits brought against the United States for its employees' conduct, and not the conduct of contractors."); 28 U.S.C. § 2671 (a contractor is not a "federal agency"). The undisputed evidence in the record shows that Dr. Kim was not an "employee of the Government." Instead, he was an employee of or subcontractor for Naphcare, a Government contractor. Thus, he could not subject the United States to FTCA liability, and Rodarte-Mendoza's FTCA claim must be dismissed.

In light of this conclusion, the Court reexamines its threshold review order. There, the Court dismissed Dr. Kim from this lawsuit because he is not a proper defendant in an FTCA claim. However, now that it is clear that Dr. Kim is not an "employee of the Government" and that Rodarte-Mendoza has no FTCA claim based on Dr. Kim's conduct, Dr. Kim may be liable under state medical malpractice law. The Court therefore construes Rodarte-Mendoza's complaint liberally in his favor, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), to assert such a claim. The Court will reinstate Dr. Kim as a defendant and direct that service of process be made on him.

As for Rodarte-Mendoza's pleas to the Court to delay his deportation so he may litigate this case, Rodarte-Mendoza has not pointed the Court to any authority that would allow him to enter such an order.

For the foregoing reasons, the Court hereby:

- **ADOPTS** the Report in its entirety (Doc. 32);

- **OVERRULES** Rodarte-Mendoza's objections (Doc. 34)

- **GRANTS** the United States' motion for summary judgment (Doc. 27);

- **DISMISSES without prejudice** the FTCA claim against the United States;

- **REINSTATES** Dr. Kim as a defendant in this case; and

- **DIRECTS** the Clerk of Court to enter judgment accordingly at the close of the case.

The United States is terminated as a party in this case. The Court will, by separate order, direct service of the summons, complaint and a copy of this order on Dr. Kim.

**IT IS SO ORDERED.**
**DATED:   October 2, 2018**

                                              s/ J. Phil Gilbert
                                              **J. PHIL GILBERT**
                                              **DISTRICT JUDGE**